UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

JOSE GUSTAVO GARCIA GARCIA,

Petitioner

v.

TODD BLANCHE, *et al.*,

Respondents

Case No. 2:26-cv-01502-MMD-DJA

ORDER

## I.     SUMMARY

Petitioner Jose Gustavo Garcia Garcia, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 8 ("Petition").)[1] For the reasons discussed below, the Court grants the Petition and orders Petitioner be released.

## II.    RELEVANT BACKGROUND

Petitioner is a Mexican citizen. (*Id*. at 4.) On June 4, 2023, Petitioner applied for admission. (*Id.*) That same day, DHS paroled Petitioner into the United States and issued him a notice to appear in immigration court. (*Id.*) Petitioner has lived with family in Salt Lake City for the past three years. (*Id.*) On February 26, 2026, Petitioner was convicted of misdemeanor battery in Idaho. (*Id.*) The next day, after completing his sentence, Petitioner was released to ICE custody where he has remained for the last four months without any custody determination hearing before an immigration judge ("IJ"). (*Id.*)

---

[1]Respondents filed two identical motions to dismiss. (ECF Nos. 11, 12.) As the second filing attaches Petitioner's arrest warrant from the Department of Homeland Security ("DHS"), the Court will refer to the latter throughout. (ECF No. 12-1.) The Court clarified that it would construe these motions as Respondents' court-ordered response to the Petition. (ECF No. 13 (citing ECF No. 3).) Petitioner replied. (ECF No. 14.)

## III.    DISCUSSION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner seeks habeas corpus relief on two grounds: unlawful revocation of Petitioner's parole without due process (Ground One) and unlawful detention without a bond hearing in violation of the Immigration and Nationality Act ("INA") and constitutional due process (Ground Two). (ECF No. 8.) Respondents argue the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies and because Petitioner is subject to mandatory detention. (ECF No. 12). The Court waives administrative exhaustion and grants the Petition on Ground Two.

### A.    Administrative Exhaustion

Respondents argue Petitioner failed to exhaust his administrative remedies with the Board of Immigration Appeals ("BIA") and therefore the Petition should be dismissed. (ECF No. 12 at 2.) Respondents indicate that failure to exhaust with the BIA deprives the Court of jurisdiction, citing the Ninth Circuit decision *Alvarado v. Holder*. (*Id.* at 1, 3 (citing 759 F.3d 1121, 1127 n.5 (9th Cir. 2014)).) As Petitioner identifies, the Supreme Court overruled *Alvarado v. Holder*. (ECF No. 13 at 2 n.1 (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 415 n.2, 417 (2023)).) There, the Supreme Court concluded that even when administrative exhaustion before the BIA is required by statute, it is still nonjurisdictional. *See Santos-Zacaria*, 598 U.S. at 417 ("Exhaustion is typically nonjurisdictional for good reason."). "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)

(citation omitted). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Notably, Section 2241 contains no statutory exhaustion requirement. *See* 28 U.S.C. § 2241. Administrative exhaustion is therefore not jurisdictional but rather prudential in immigration detention habeas petitions under Section 2241. *See Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Consequently, courts have the authority to waive the administrative exhaustion requirements under certain circumstances. *See id.* at 1000. This Court's recent decisions clearly articulate this consistent legal conclusion. *See, e.g., Quintana Chagolla v. Mattos*, No. 2:25-cv-02435-MMD-EJY, 2026 WL 524228, at *3 n.2 (D. Nev. Feb. 25, 2026); *Aliber v. Bondi*, No. 2:26-CV-01055-MMD-MDC, 2026 WL 1431111, at *1-2 (D. Nev. May 21, 2026). Even Respondents' own briefing acknowledges that administrative exhaustion under Section 2241 is prudential. (ECF No. 12 at 2, 3-4.) The Court reaffirms that it has jurisdiction over the Petition.

Respondents argue, seemingly in the alternative, that prudential administrative exhaustion here is still mandatory and therefore unwaivable. (ECF No. 12 at 3, 6.) The Court disagrees. "[M]andatory exhaustion statutes ... establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632 (2016). Exhaustion is not mandatory under 28 U.S.C. § 2241 because the statute does not require or even mention administrative exhaustion. *See Rodriguez Cabrera v. Mattos*, 808 F. Supp. 3d 1159, 1175 (D. Nev. 2025) ("Neither the habeas statute, 28 U.S.C. § 2241, nor the relevant sections of the INA require Petitioner to exhaust administrative remedies before filing his petition for habeas corpus." (citing *Laing*, 370 F.3d at 998)). Moreover, even statutes that do textually require nonjurisdictional exhaustion do not entirely foreclose waiver on bases such as futility. *See, e.g., Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 895 (9th Cir. 2021) (defining 8 U.S.C. § 1252(d)(1) as a statute that requires exhaustion in the text but confirming the requirement is prudential not jurisdiction and still allows for waiver based on futility).

Respondents cite a non-binding decision from this District to support their argument that administrative exhaustion is mandatory here. (ECF No. 12 at 6 (citing *Vidal v. Immigr. Customs Enf't*, No. 2:21-cv-00012-JAD-DJA, 2021 WL 3573646, at *2 (D. Nev. Feb. 10, 2021)).) There, Judge Dorsey relied on the now overturned *Alvarado v. Holder* case. *See Vidal v. Immigr. Customs Enf't*, No. 2:21-cv-00012-JAD-DJA, 2021 WL 3573646, at *2 n.17. Judge Dorsey also relied on *Leonardo v. Crawford*, where the Ninth Circuit declined to waive administrative exhaustion but did not find exhaustion mandatory. *See id.* (citing 646 F.3d 1157, 1160 (9th Cir. 2011)). The Court remains unpersuaded by this non-binding case that Section 2241 imposes mandatory administrative exhaustion.

Alternatively, Respondents argue administrative exhaustion under Section 2241 is a "claim-processing rule" that the Court must enforce now that Respondents properly raised the issue. (ECF No. 12 at 6.) The Court again disagrees. Respondents cite the requirements of a claim-processing rule outlined in *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 139 S. Ct. 1843, 1849 (2019). There, the Supreme Court found that the charge-filing requirements embedded in the statutory text of Title VII of the Civil Rights Act was not jurisdictional but rather a mandatory claim-processing rule. *See id.* at 550-52 (citing 42 U.S.C. § 2000e–5(e)(1), (f)(1)). But unlike Title VII, exhaustion is not included in the text of Section 2241. Similarly, Respondents cite to a Ninth Circuit case concluding that the textual exhaustion requirement in 8 U.S.C. § 1252(d)(1) is a non-jurisdictional claim-processing rule. (ECF No. 12 at 6 (citing *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024)).) Respondents make no argument as to why these statutorily mandated requirements are comparable to judicially imposed exhaustion in Section 2241. Respondents make the conclusory statement that their "position" "that the exhaustion requirement is a claim processing rule which is mandatory" "is supported by existing cause law." (ECF No. 12 at 6.) They cite no such case law. The Court therefore rejects this argument.

Respondents argue the *Puga* factors support prudentially requiring exhaustion. (*Id.* at 4-5 (citing *Puga*, 488 F.3d at 815).) Petitioner counters that these factors do not support

4

imposing exhaustion. (ECF No. 13 at 5.) The Court agrees with Petitioner. In *Puga*, the Ninth Circuit laid out three factors courts may consider when determining whether to require administrative exhaustion: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." 488 F.3d at 815. As to the first factor, while the "BIA is the subject-matter expert in immigration detention decisions," the Court is the expert as to statutory interpretation and constitutional legal analysis. (ECF No. 12 at 4.) The issue before the Court is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) or whether his ongoing detention without a bond hearing violates his constitutional rights. The Court has the proper expertise to address these legal issues without further development of an agency record. As to the second factor, the Court agrees with Petitioner that waiving exhaustion here will not "encourage the deliberate bypass of the administrative scheme" in part because of his unique administrative stance. Petitioner does not seek a bond re-determination nor does he challenge a removal order. He challenges a lack of administrative process – that is, DHS's unwillingness to grant him a bond hearing in the first place. In this way, Petitioner has no alternative "administrative scheme" to pursue without an IJ order to appeal to the BIA. Finally, the BIA is unable to correct the issue Petitioner identifies in Ground Two of his Petition. According to the BIA's statutory interpretation, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025); *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). In this way, the BIA cannot correct the error the Court identifies in conducting its own statutory interpretation.

Ultimately, the Court waives administrative exhaustion here because administrative remedies would be futile. Waiver of administrative exhaustion under Section 2241 may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury

will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000. (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981)). "Futility is a traditional exception to judicially created exhaustion requirements because '[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested.'" *Vasquez-Rodriguez*, 7 F.4th at 896 (quoting *Carr v. Saul*, 593 U.S. 83, 93 (2021)). The futility of Petitioner's appeal is evident in the Court's analysis of the *Puga* factors. "We will excuse a failure to exhaust if it is very likely what [the BIA's] result would have been. Thus, where the agency's position appears already set and recourse to administrative remedies is very likely futile, exhaustion is not required." *Id.* (internal quotation marks and citations omitted). The BIA is "already set" that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). *See Rodriguez Cabrera*, 808 F. Supp. 3d at 1176 (waiving administrative exhaustion as futile for a petitioner challenging mandatory detention under Section 1225(b) due to the BIA's decision in *Matter of Yajure Hurtado*).

In sum, the Court holds that the administrative exhaustion requirement here is nonjurisdictional, prudential, and not mandatory. The Court waives the administrative exhaustion requirement as futile.

## B.    Mandatory Detention (Ground Two)

Respondents argue Petitioner is subject to mandatory detention. The INA outlines when noncitizens may or must be civilly detained and what relevant procedural safeguards apply. *See* 8 U.S.C. §§ 1101 *et seq.*. Two sections govern detention pending immigration proceedings: Sections 1226 and 1225. Section 1226(a) "sets out the general rule" regarding the arrest, detention and release of noncitizens "present in the country" who are allegedly subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). The statute grants DHS the discretion to either detain or release on bond those noncitizens arrested and facing removal proceedings. Section 1226(c) carves out a subset of noncitizens who are subject to mandatory detention due to certain criminal history. *See* 8 U.S.C. § 1226(c). Section 1225 addresses noncitizens who are deemed "applicants for

admission" and imposes expedited removal procedures and generally mandates detention. *Id.* at § 1225.

In Ground Two, Petitioner argues that he is not subject to mandatory detention and therefore his continued detention without a bond hearing violates his statutory rights under 8 U.S.C. § 1226(a). (ECF No. 8 at 10-11.) Respondents argue Petitioner is subject to mandatory detention as an "applicant seeking admission" and an "arriving alien" under 8 U.S.C. § 1225(b). (ECF No. 12 at 6-8.) Respondents "incorporate by reference" their arguments in the class action from this District, *Jacobo-Ramirez v. Noem*, as this Petition contemplates "substantially the same questions at issue" regarding mandatory detention under Section 1225(b)(2). (*Id.* at 12; (citing Case No. 2:25-cv-02136-RFB-MDC (D. Nev.)).)

Neither Petitioner nor Respondents argue Petitioner is a class member under *Jacobo Ramirez*. The Court agrees. *Jacobo Ramirez* defines class members as "noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States." *Jacobo-Ramirez v. Mullin*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026). Petitioner does not meet the third requirement as the parties agree Petitioner entered via parole. Petitioner therefore is not a class member and is not owed the relief ordered by Judge Boulware. *See id.*

But Petitioner otherwise falls within the certified class. Like class members, Petitioner is not subject to mandatory detention, including due to criminal history. He entered the U.S. and lived in the interior for years before his arrest and detention by ICE. Like class members, he is being held as though he were an "applicant seeking admission"

7

and has been deprived of an individualized bond hearing on that basis. And Respondents do not argue why Petitioner's revoked parole indicates he should be treated any differently than the members of the class. Instead, Respondents merely reiterate their same stance in the ongoing *Jacobo Ramirez* litigation. (ECF No. 12 at 12.)

The Court adopts the legal reasoning and statutory interpretation in *Jacobo-Ramirez. See* 2026 WL 879799. In *Jacobo-Ramirez*, Judge Boulware comprehensively analyzed the statutory text and constitutional requirements and found the government's Section 1225(b)(2)(A) mandatory detention position unlawful as applied to noncitizens detained in the interior following years of residence, such as Petitioner. *See id.* at *10-20*. In this way, the District of Nevada aligns with the overwhelming majority of federal courts and judges that have addressed this question. *See* Kyle Cheney, *Our running list of judges who have ruled on ICE's mass detention policy*, Politico, Feb. 28, 2026, updated June 11, 2026, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614 [hereinafter "Cheney, Politico"].

The Court is not persuaded by Respondents' invocation of non-binding case law supporting their statutory interpretation. Respondents cite two recent circuit court decisions embracing their statutory interpretation that 8 U.S.C. § 1225(b) applies to noncitizens such as Petitioner. (ECF No. 10 at 15-17 (citing *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)).)[2] However, two other similarly non-binding circuit court decisions have come out the other way, interpreting the statute like the District of Nevada in *Jacobo-Ramirez. See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026). Similarly, Respondents cite ten district court decisions, only three of which are within the Ninth Circuit, favoring Respondents' statutory interpretation. (ECF

---

[2]Notably, Judge Boulware considered and rejected the Fifth Circuit's reasoning. *See Morales v. Noem*, No. 2:26-CV-00585-RFB-MDC, 2026 WL 776986, at *2 (D. Nev. Mar. 19, 2026); *Dorantes v. Knight*, No. 2:26-CV-00650-RFB-MDC, 2026 WL 752649, at *2 (D. Nev. Mar. 17, 2026). The Court adopts that reasoning here.

No. 12 at 17 (citations omitted).) However, "[d]istrict court judges appointed by every president since Ronald Reagan have overwhelmingly agreed, rejecting the new policy" that aligns with Respondents' statutory interpretation. Cheney, POLITICO; *see also Jacobo Ramirez v. Noem*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090, at *1, 5 (D. Nev. Feb. 5, 2026). The Court therefore is not persuaded by Respondents' invocation of these cases.

Under a plain reading of the statute, Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225 and therefore his continued detention without a bond hearing is unlawful. The Court will therefore grant the Petition. Petitioner requests immediate release or, alternatively, a constitutionally adequate bond hearing. (ECF No. 8 at 12.) A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Recently, the Court has ordered *Jacobo Ramirez* class member petitioners immediately released, rather than granting new bond hearings. *See, e.g., Portillo v. Blanche*, No. 2:26-cv-01373-RFB-MDC, 2026 WL 1493876, at *6-9 (D. Nev. May 28, 2026); *Lopez Pinto v. Mattos*, No. 2:26-cv-00974-MMD-DJA, 2026 WL 1708201, at *3-4 (D. Nev. June 12, 2026). Here, Petitioner has been held in detention for four months on an unlawful basis. The Court therefore finds that release, "the typical remedy" for "unlawful executive detention," is the appropriate remedy here. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants the Petition on Ground Two, the Court does not reach Ground One as it does not impact the Court's ruling on the Petition.

It is therefore ordered that the Petition is granted on Ground Two. (ECF No. 8.) Respondents must immediately release Petitioner no later than 5:00 PM on Monday, July

6, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Tuesday, July 7 confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 2nd Day of July 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

10